UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BERKSHIRE, #371645, )
          Plaintiff, )
           ) No. 1:19-cv-808
v. )
           ) Honorable Paul L. Maloney
JESSICA HAZEL, et al., )
          Defendants. )
           )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on July 27, 2021 (ECF No. 156). The R&R recommends that (1) Plaintiff's motion for partial summary judgment be denied, (2) Defendants' motions for summary judgment be granted, and (3) this action be terminated. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed several objections to the R&R (ECF No. 165), and Defendants have filed responses (ECF Nos. 167, 168). Because there is no genuine dispute of material fact that Plaintiff's claims cannot be supported by the record, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff's complaint raises a plethora of constitutional violations against several defendants: (1) deprivation of meaningful exercise opportunities in violation of the Eighth Amendment by Defendant Fuller, (2) First Amendment retaliation by Defendant Varda, (3) First Amendment retaliation by Defendant Bishop, (4) First Amendment retaliation by Defendant Hazel, (5) deprivation of a sanitary toilet in violation of the Eighth Amendment by Defendant Hazel, (6) denial of equal protection of the laws in violation of the Fourteenth Amendment by Defendant Hazel, and (7) deprivation of a mattress and bedding in violation of the Eighth Amendment by Defendant Saxton (*see* ECF No. 53). The R&R recommends granting summary judgment for Defendants on all claims.

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections. Plaintiff first objects to the granting of summary judgment on his Eighth Amendment claim against Defendant Fuller. The R&R concluded that Plaintiff could not meet the objective prong of an Eighth Amendment claim because he could perform exercises in his cell and he was allowed outside of his cell for about eleven hours a day, despite being prohibited from using the outside recreational yard (*see* ECF No 156 at PageID.2294-97). The magistrate judge determined that being deprived from exercising in Plaintiff's location of choice did not amount to an "extreme deprivation" required to

maintain an Eighth Amendment claim (*Id.* at 2295). While Plaintiff argues that the R&R failed to consider the totality of the circumstances and that he objectively could not perform "meaningful" exercise in his cell or during the eleven hours he was released from his cell per day, Plaintiff has not refuted any findings of fact in the R&R (ECF No. 165 at PageID.2333). He does not dispute the dimensions of his cell or that he is released from his cell for several hours per day. Rather, he disagrees with the R&R that he cannot meet the objective prong of an Eighth Amendment analysis. This argument is not a valid objection.

Plaintiff further argues that the R&R was incorrect in concluding that he also could not meet the subjective prong in an Eighth Amendment analysis regarding his deprivation of exercise claim. Because Plaintiff cannot show that he suffered an objective punishment in violation of the Eighth Amendment, the Court need not reach Plaintiff's subjective prong argument. Therefore, Plaintiff's objections as to his Eighth Amendment claim against Defendant Fuller are overruled.

Plaintiff next objects to the R&R's recommendation to grant summary judgment in favor of Defendant Varda on the retaliation claim. Plaintiff argues that he can meet all three elements of a First Amendment retaliation claim, which is contrary to what the R&R determined. In Plaintiff's complaint, he alleges that Defendant Varda falsified misconduct charges against him in retaliation for filing grievances against Defendant Varda (*see* ECF No. 53 at PageID.559, ¶ 24). The following facts form the basis of this claim: Defendant Varda failed to turn on the television quickly enough upon Plaintiff's request (ECF No. 115-5 at PageID.1506). Then somebody—Plaintiff denies that it was him—pushed the emergency button "in an attempt to have the television turned on" more quickly (*Id.*). In response,

3

Defendant Varda unplugged the television as punishment, explaining that the turning on of a television is not an emergency (*see id.*). Plaintiff subsequently filed a grievance because he did not believe that depriving the inmates of the television was a proper disciplinary procedure. Defendant Varda rejected Plaintiff's grievance, stating, "use of the emergency button is only for true emergencies! The TV is a privilege, not a ri[ght]. If you feel this is unfair, I can proceed with a write-up for this incident" (*Id.*). Plaintiff then filed another grievance, which formed the basis of this claim, arguing that Defendant Varda threatened to retaliate against him as a result of the previous grievance Plaintiff filed (*see id.* at PageID.1507). Defendant Varda then filed misconduct charges against Plaintiff for the emergency button incident, to which Plaintiff was found not guilty of (ECF No. 115-7 at PageID.1525).

Plaintiff's arguments in his objections have no merit. The Court finds that the R&R's analysis of this retaliation claim contains no errors. First, Plaintiff did not suffer any adverse action after he filed the grievance. He argues that he "could have" been reclassified to a more secure level of security had he been found guilty of the allegations in Defendant Varda's misconduct charges (ECF No. 165 at PageID.2342). But Plaintiff was not found guilty. And although Plaintiff argues he "could have" received additional punishment and sanctions, he did not. He did not suffer any adverse actions from the misconduct charges.

Second, the grievance that Plaintiff filed that formed a basis for his retaliation claim was indeed frivolous. Plaintiff objects to the R&R's finding that Plaintiff was the inmate who pushed the emergency button, and, as support for this argument, he cited to an affidavit in the record from the person who allegedly pushed the button (ECF No. 142-10 at

4

PageID.2126, ¶ 9). However, even if Plaintiff did not push the emergency button, his grievance was still frivolous because he was not originally punished for the emergency button incident. Defendant Varda informed Plaintiff that pressing the emergency button to get the television turned on is not an emergency and if he felt that the policy was unfair, then Defendant Varda would proceed with a write-up for the emergency button incident (*see* ECF No. 115-5 at PageID.1506). Rather than punishing Plaintiff for being involved in pushing the emergency button, Defendant Varda tried to educate Plaintiff, who then decided to file another grievance even though he had not been punished for the emergency button incident. Thus, there was no valid reason for Plaintiff to file the second grievance, meaning the second grievance was frivolous and abusive.

And finally, Plaintiff cannot show causation between the filing of his grievance and the misconduct charges against him. Plaintiff essentially argues that Defendant Varda falsified misconduct charges against him because Plaintiff was not written up for "misuse of an emergency button," but instead written up for "interfering with staff in the line of their duty," and "unauthorized/abuse of telephone/visit system" (ECF No. 115-7 at PageID.1525). However, Plaintiff further argues that "misuse of an emergency button" is not an official disciplinary action (*Id.*). Plaintiff's arguments are contradictory. On one hand, he argues he was retaliatorily written up for the wrong offense, yet on the other hand, he argues that the offense he should have been written up for does not exist. The R&R properly concluded that there was no causal link between the offenses that Defendant Varda alleged in his incident report and the grievance that Plaintiff filed following the emergency button incident.

Next, Plaintiff objects to the R&R's recommendation to grant summary judgment for Defendant Hazel on the retaliation claim alleged against her. Plaintiff argued that Defendant Hazel assigned Plaintiff to administrative segregation in retaliation for filing several grievances at the Calhoun County Jail. The R&R recommends summary judgement in favor of Defendant Hazel because she provided multiple nonretaliatory reasons for placing Plaintiff in administrative segregation, including "his classification status, criminal history, history of institutional misconduct, and security issues with other inmates" (ECF No. 118-5 at PageID.1700, ¶ 8). Plaintiff objects to this finding, and he points to classification reviews in the record that he asserts "indicates that Plaintiff's sole administrative segregation was for the purpose of protective custody underlying his cooperation with law enforcement" (ECF No. 165 at PageID.2346). Plaintiff's assertion about the content of the classification reviews is correct, but these reviews confirm that Plaintiff's placement in administrative segregation was not retaliatory. He was placed in administrative segregation for his safety because he "created a hostile and dangerous environment" for himself by discussing inmates' cases with prosecutors and detectives (ECF No. 139-4 at PageID.2006). Therefore, Plaintiff's objection is overruled, considering his placement in segregation was not for a retaliatory purpose.

Plaintiff's next objection concerns the R&R's recommendation of summary judgment in favor of Defendant Hazel on Plaintiff's Eighth Amendment claim. The basis of this claim is that Plaintiff's toilet in his cell was "caked with human feces emitting an obnoxious odor" and that he did not have access to cleaning supplies (ECF No. 53 at PageID.561, ¶ 37-39). Plaintiff objects because he argues that the R&R failed to consider Plaintiff's physical reactions to the toilet. Plaintiff has provided no evidence that he did indeed suffer nausea,

6

headaches, abdominal pain, and loss of appetite, but even if he did, these physical symptoms do not overcome the R&R's conclusion that Plaintiff failed to meet the subjective prong of an Eighth Amendment deliberate indifference claim. He has provided no evidence that Defendant Hazel had knowledge of Plaintiff's toilet or that she oversaw cell conditions; thus, this claim cannot be maintained, and Plaintiff's objection is overruled.

Plaintiff's next objection concerns his Equal Protection claim against Defendant Hazel, and he argues that she failed to show an absence of a dispute of facts. However, Plaintiff's objections merely restate his arguments in the pleadings. He has failed to show that he is a member of a protected class or that he was treated differently because of his "classification." The R&R properly recommended summary judgment on this claim for Defendant Hazel.

Finally, Plaintiff's last objection is that the R&R should not have recommended summary judgment for Defendant Saxton on Plaintiff's Eighth Amendment deliberate indifference claim. The basis of this claim is that Defendant Saxton deprived Plaintiff of his mattress and bedding for more than twenty-four hours, which contributed to Plaintiff's "severe discomfort and shivering violently on a cold hard floor" (ECF No. 165 at PageID.2354). Plaintiff argues that the R&R failed to consider, in addition to the deprivation of his mattress and bedding, the extremely cold temperature in his cell. He argues that the combination of these conditions supports an Eighth Amendment claim. However, Plaintiff failed to provide any evidence that Defendant Saxton was responsible for the cold temperature in his cell. Thus, even if Plaintiff could satisfy the objective prong of an Eighth Amendment claim, he cannot satisfy the subjective prong. This objection is also overruled.

Given that there are no errors in the magistrate judge's analysis and Plaintiff has failed to raise a genuine dispute of material fact on any of his claims, the Court will adopt the R&R and terminate this matter. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 156) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 150, 153) are **GRANTED**.

**IT IS SO ORDERED.**

Date:  November 23, 2021                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge